**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PARKLAND PROPERTIES, LLC, et al. | Case No. 13-22702 |
| Debtors. | Honorable Donald R. Cassling |
| | Hearing Date: December 3, 2013 |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on December 3, 2013 at 9:30 a.m., we shall appear before the Honorable Judge Donald R. Cassling, or any judge sitting in his stead, in Courtroom 619 of the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois and then and there present **Bridgeview Bank Group's Motion for Order Authorizing Relief from the Automatic Stay to Effectuate Setoff Pursuant to 11 U.S.C. § 553(a), or in the Alternative, to Effectuate Recoupment**, a copy of which is attached hereto.

| | |
|---|---|
| Dated:  November 19, 2013 | Respectfully submitted, |
| | VEDDER PRICE P.C. |
| | By:   s/ Douglas J. Lipke |
| | Douglas J. Lipke, Esq.<br>Whitney C. Fogelberg, Esq.<br>VEDDER PRICE P.C.<br>222 North LaSalle Street, Suite 2600<br>Chicago, Illinois  60601-1003<br>Telephone:     (312) 609-7500<br>Facsimile:     (312) 609-5005<br>dlipke@vedderprice.com<br>wfogelberg@vedderprice.com |
| | Attorneys for Bridgeview Bank Group |

## CERTIFICATE OF SERVICE

I, Douglas J. Lipke, an attorney, hereby certify that I caused the foregoing BRIDGEVIEW BANK GROUP'S MOTION FOR ORDER AUTHORIZING RELIEF FROM THE AUTOMATIC STAY TO EFFECTUATE SETOFF PURSUANT TO 11 U.S.C. § 553(A), OR IN THE ALTERNATIVE, TO EFFECTUATE RECOUPMENT, referenced therein to be electronically filed with the Clerk of the U.S. Bankruptcy Court, Northern District of Illinois, using the CM/ECF filing system, which will send notification of such filing to all counsel of record as his/her email address on filed with the Court or via US Mail, as indicated on the attached Service List, on this 19th day of November, 2013.

Dated: November 19, 2013                By:   /s/ Douglas J. Lipke

### Service List

**Via CM/ECF**

| | |
|---|---|
| Michael V. Ohlman | mvohlman@ohlmanlaw.com |
| Patrick S. Layng | USTPRegion11@usdoj.gov |
| Thomas M. Lomardo | tlombardo@ginsbergjacobs.com |
| Keara Roethke | kroethke@ginsbergjacobs.com |
| Devon J. Eggert | deggert@freeborn.com |
| Elizabeth L. Janczak | ejanczak@freeborn.com |
| Joseph Santeler | jsanteler@chuhak.com, nkoncz@chuhak.com |
| Miriam R. Stein | mstein@chuhak.com, kgord@chuhak.com |
| Martin D. Tasch | mtasch@taschlaw.com |

**U.S. Mail Service List**

Bank of America
P.O. Box 9000
Getzville, NY  14068-9000

Bank of America, N.A.
Attn: Mr. M-BK
1000 Samoset Dr.
DE5-023-03-03
Newark, DE  19713

ComEd
P.O. Box 6111
Carol Stream, IL  60197

Parkland Properties, LLC
3217 W. Potomac
Chicago, IL  60651

Bridgeview Bank
1970 North Halsted
Chicago, IL  60614

Citibank Banamex USA
2029 Century Park E 42 FL
Los Angeles, CA  90067-2901

City of Chicago, Water Division
121 North LaSalle Street
Chicago, IL  60602

People's Gas
130 East Randolph Street
Chicago, IL  60601

Popular Community Bank
9600 W. Bryn Mawr Avenue
Rosemont, IL  60018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PARKLAND PROPERTIES, LLC, et al.[1] | Case No. 13-22702 |
| Debtors. | Honorable Donald R. Cassling |
| | Hearing Date: Tuesday, December 3, 2013<br>Hearing Time: 9:30 a.m. |

### BRIDGEVIEW BANK GROUP'S MOTION FOR ORDER AUTHORIZING RELIEF FROM THE AUTOMATIC STAY TO EFFECTUATE SETOFF PURSUANT TO 11 U.S.C. § 553(a), OR IN THE ALTERNATIVE, TO EFFECTUATE RECOUPMENT

Bridgeview Bank Group ("Bridgeview") files this Motion for Order Authorizing Relief from the Automatic Stay to Effectuate Setoff Pursuant to 11 U.S.C. § 553(a), or in the Alternative, to Effectuate Recoupment (the "Motion"). In support of this Motion, Bridgeview respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B), (C), (G), and (O).

2. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors include: Parkland Properties, LLC (Case No. 13-22702); Parkland II, LLC (Case No. 13-25121); Parkland III, LLC (Case No. 13-25125); Parkland IV, LLC (Case No. 13-26018); Parkland V, LLC (Case No. 13-27098); and Parkland VI, LLC (Case No. 13-26811).

CHICAGO/#2515297.4

**FACTUAL BACKGROUND**

**A.    The Debtors' Secured Obligation to Bridgeview**

3.    On or about April 24, 2012, Parkland III, LLC made, executed and delivered to Bridgeview a Promissory Note (amended from time to time, the "Note") under which Parkland III, LLC agreed to pay Bridgeview the sum of $104,000.00, with interest on the unpaid balance at the rate of 6.375% per annum, in thirty-six (36) monthly installment payments.  A true and correct copy of the Note is attached hereto as **Exhibit A**.

4.    The Note was secured by, among other things, (i) that certain Mortgage, dated as of April 24, 2012 (the "Mortgage") related to real property commonly known as 3438 West Potomac, Chicago, Illinois 60651 (the "Property"), and recorded as document number 1212434010 on May 3, 2012 with the Cook County Recorder of Deeds; and (ii) that certain Assignment of Rents, dated as of April 24, 2012 in favor of Bridgeview (amended from time to time the "Assignment of Rents"); whereby Parkland III, LLC granted a security interest to Bridgeview in rents from the Property.  The Assignment of Rents was recorded as document number 1212434011 on May 3, 2012 with the Cook County Recorder of Deeds.  True and correct copies of the Mortgage and Assignment of Rents are attached hereto as **Exhibit A**.

5.    As further security of its obligations under the Note and Mortgage, Parkland III, LLC, Parkland Properties, LLC and Bridgeview executed that certain Assignment of Deposit Account, dated as of April 24, 2012 (amended from time to time, the "Assignment of Deposit Account"; together with the Note, Mortgage and Assignment of Rents, the "Loan Documents") whereby Parkland Properties, LLC granted Bridgeview a security interest in and to the certificate of deposit account number 134766914 (the "CD Account") to secure the payment and performance of any and all debts, obligations and liabilities of any kind of Parkland III, LLC to Bridgeview.  The Assignment of Deposit Account states that Bridgeview "reserves a right of

setoff in all [Parkland Properties, LLC's] accounts" with Bridgeview and authorizes Bridgeview to "charge or setoff all sums owing on the Indebtedness against any and all such accounts." (Assignment of Deposit Account at p. 1). The Assignment of Deposit Account defines indebtedness as "the indebtedness evidenced by the Note or Related Documents" and defines note as "the Note executed by Parkland III, LLC in the principal amount of $104,000.00 dated April 24, 2012." (Assignment of Deposit Account at p. 4). A true and correct copy of the Assignment of Deposit Account is attached hereto as **Exhibit A**.

### B. The Debtors' Default on the Note

6. The Debtors have failed to make timely payments due under the Note. The Debtors have not made a principal payment on the Note to Bridgeview since January 2013, and are currently in default of its obligations under the Loan Documents.

### C. The Debtors' Bankruptcy Filings and Secured Debt on the Mortgaged Property

7. On May 31, 2013, Parkland Properties, LLC filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code. Subsequently, Parkland III, LLC filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code on June 18, 2013.

8. Parkland III, LLC's Schedules (generally and as amended, the "Parkland III Schedules") reflect that Bridgeview maintains a secured claim on the Property in the amount of $102,834.00. (*See* Schedule D (Docket No. 25; Case No. 13-25125.))

9. As of the date of filing this Motion, the Debtors were indebted to Bridgeview in connection with the Loan Documents in the amount of not less than $104,721.68 (the "Loan Amount"), and the balance of the CD Account held by Bridgeview was $19,211.97 (the "Held Funds").

CHICAGO/#2515297.4

10. On November 18, 2013, Glenn and James Brettner, members of Parkland Properties, LLC and Parkland III, LLC, attempted to close the CD Account and withdraw the Held Funds. Bridgeview declined the request to withdraw the Held Funds and subsequently froze the CD Account.

## RELIEF REQUESTED

11. Bridgeview requests relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) in order to exercise its rights of setoff and recoupment. Specifically, Bridgeview seeks authority to setoff or recoup the Held Funds against the amount owed by the Debtors to Bridgeview in connection with the Loan Documents.

## ARGUMENT

### A. Bridgeview is Entitled to Setoff the Held Funds Against the Loan Amount

12. Section 553(a) of the Bankruptcy Code preserves common law rights of setoff which exist outside of bankruptcy. See Solow v. American Airlines. Inc. (In re Midway Airlines Inc.), 221 B.R. 411 (Bankr. N.D. Ill. 1998). The doctrine of setoff "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A." Anes v. Dehart (In re Anes), 195 F.3d 177, 182 (3d Cir. 1999) (citations omitted); see also Midway Airlines, 221 B.R. at 453 (quoting Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995)).

13. "Section 553(a) recognizes and preserves rights of setoff where four (4) conditions exist: (1) the creditor holds a 'claim' against the debtor that arose before the commencement of the case; (2) the creditor owes a 'debt' to the debtor that also arose before the commencement of the case; (3) the claim and debt are 'mutual'; and (4) the claim and debt are each valid and enforceable." Midway Airlines, 221 B.R. at 453 (citing St. Francis Physician Network, Inc. v. Rush Prudential HMO, Inc. (In re St. Francis Physician Network, Inc.), 213

B.R. 710, 715 (Bankr. N.D. Ill. 1997)). The term "mutual debt" has been interpreted as requiring both debts to exist pre-petition. Midway Airlines, 221 B.R. at 453.

14. The Loan Amount is comprised of a pre-petition loan to the Debtors, pursuant to the pre-petition Note, Mortgage, Assignment of Rents, and Assignment of Deposit Account. In the Assignment of Deposit Account, Parkland Properties, LLC assigned and granted Bridgeview a security interest in the CD Account as collateral for the pre-petition loan. Similarly, the Held Funds are funds in the CD Account which Parkland Properties, LLC deposited pre-petition with Bridgeview. Therefore, the Loan Amount and the Held Funds represent mutual debts which arose pre-petition.

15. Setoff of a prepetition debt owed to a debtor is automatically stayed by §§ 362(a)(7) of the Bankruptcy Code. See 11 U.S.C. §362(a)(7). However, Section 362(d)(1) of the Bankruptcy Code requires the Court to grant relief from the automatic stay "for cause." See 11 U.S.C. §362(d)(1).

16. Allowing for proper exercise of setoff rights constitutes "cause" for relief from the automatic stay because "[t]he automatic stay ... does not defeat the right of setoff; rather, setoff is merely stayed pending an 'orderly examination of the debtor's and creditor's rights.'" See Stephenson v. Salisbury (Matter of Corland Corp. ), 967 F.2d 1069, 1076 (5th Cir. 1992) (citations omitted). "As a general rule, unless the creditor's alleged setoff right is patently invalid, relief from the stay to permit the creditor to ... [exercise setoff rights] should be granted." 5 Collier on Bankruptcy, ¶ 553.06[l][b] (15th ed. rev.).

17. Based on the foregoing, Bridgeview has a valid right to setoff under section 553(a), and, therefore, cause exists for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to permit Bridgeview to effectuate its right to setoff.

### B. Bridgeview is Entitled to Recoupment of the Held Funds Against the Loan Amount

18. In the alternative, Bridgeview seeks entry of an Order authorizing it recoup the Held Funds and reduce the amount owed to Bridgeview under the Loan Documents.

19. "Unlike setoff, recoupment does not appear in the Bankruptcy Code. However, the Supreme Court has observed that courts have permitted the use of recoupment in bankruptcy cases." Stratman v. Missouri Division of Employment Security (In re Stratman), 217 B.R. 250, 252 (Bankr. S.D. Ill. 1998); see also In re Health Management Ltd. P'ship, 336 B.R. 392, 395 (Bankr. C.D. Ill. 2005). Courts have previously held that "'the right of recoupment is exempt from the operation of the automatic stay of 11 U.S.C. § 362.'" Id at 253. In order to effectuate a recoupment, the competing claims must arise from a single contract or transaction. Id at 252; see also In the Matter of American Sunlake Limited P'ship, 109 B.R. 727 (Bankr. W.D. Mich. 1989).

20. It is undisputable that both the funds held in the CD Account and the pre-petition loan arose out of the same transaction—the loan obligation under which Parkland III, LLC agreed to pay Bridgeview which included the assignment of the CD Account made by Parkland Properties, LLC to Bridgeview as collateral for the pre-petition loan. Accordingly, Bridgeview should be permitted to apply the Held Funds against, and thereby reduce, the Loan Amount pursuant to the doctrine of recoupment.

**WHEREFORE**, Bridgeview respectfully requests that this Court enter an Order: (a) granting Bridgeview relief from the automatic stay for the purpose of allowing Bridgeview to effectuate its rights of setoff or recoupment against the Held Funds and (b) granting Bridgeview any such other relief as is just and proper.

CHICAGO/#2515297.4

Dated: November 19, 2013

Respectfully submitted,

BRIDGEVIEW BANK GROUP

By: /s/ Douglas J. Lipke

Douglas J. Lipke, Esq.
Whitney C. Fogelberg, Esq.
VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
Telephone: (312) 609-7500
Facsimile: (312) 609-5005
dlipke@vedderprice.com
wfogelberg@vedderprice.com

- 7 -