**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 13-22702 |
| Parkland Properties, LLC, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| Debtors. | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | |

**BANK OF AMERICA, N.A. AND DITECH**
**FINANCIAL, LLC'S SUPPLEMENT TO MOTION TO AUTHORIZE**
**RELIEF FROM JUDGMENT PURSUANT TO BANKRUPTCY RULE 9024**

NOW COMES, Bank of America, N.A. ("BOA") and Ditech Financial, LLC, f/k/a Green Tree Servicing, LLC ("Ditech"), by and through their attorneys, Lathrop & Gage, LLP, and for their Supplement to Motion to Authorize Relief From Judgment Pursuant to Bankruptcy Rule 9024 [Dkt. 564] (the "Motion")[1], states as follows:

**SUMMARY**

1. On January 21, 2016, BOA and Ditech filed their Motion (the "9024 Motion"), seeking relief from the Parkland II Plan and Parkland VI Plan, pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure.

2. Among other arguments, BOA and Ditech argued that relief was available under Rule 60(b)(4) as to the Parkland VI Plan and Parkland II Plans because neither BOA nor Ditech was served with such plans, their corresponding disclosure statements, or the orders setting a hearing date for plan confirmation (collectively, the "Plan Confirmation Documents").

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

3. The Motion was last heard on March 29, 2016. Attached hereto as <u>Exhibit A</u>, and incorporated herein by reference, is a copy of the transcript from the March 29, 2016 hearing.

4. As counsel for BOA and Ditech was not able to provide evidence that both entities had not been served with the Plan Confirmation Documents, this Court continued the Motion to July 26, 2016. In doing so, this Court suggested that the State Court could determine whether the parties had been properly served, as well as the lien priority issue.

5. Counsel has now obtained affidavits from both BOA and Ditech, attesting to the lack of service on them.

6. Attached hereto as <u>Exhibit B</u>, and incorporated herein by reference, is the Affidavit of Ryan Dansby, AVP; Operations Team Manager at BOA (the "Dansby Affidavit").

7. Attached hereto as <u>Exhibit C</u>, and incorporated herein by reference, is the Affidavit of Shelly Walz, Director at Ditech (the "Walz Affidavit", and together with the Dansby Affidavit, the "Affidavits").

8. As counsel now has evidence that neither of them was served, BOA and Ditech request that this Court set a briefing schedule on the Motion, instead of letting the State Court (in two separate State Court proceedings) decide whether BOA and Ditech are bound by the Plans.

## ARGUMENT

**A. Neither BOA nor Ditech Was Served With the Plans or Disclosure Statements.**

9. At the March 29th hearing, this Court stated that "If Bank of America and Ditech did not receive adequate notice of the plan or confirmation hearing, then I don't think they would be bound by the terms of the confirmed plan whether or not that plan has been substantially consummated." Hearing Tr., Exhibit C, 4:24-5:4, March 29, 2016.

2

10. Additionally, "Once this initial issue [of service] has been resolved, I will be prepared to enter an order confirming that any secured creditor not receiving notice of the plan and confirmation hearing would be free to proceed in the State Court to prosecute its rights against the debtor and any other parties, including Bridgeview Bank, as if the confirmation order had never been entered against those two parties. Hr'g Transcript, 5:13-21

11. As more fully explained in the Affidavits, neither BOA nor Ditech received service of the relevant pleadings related to the Parkland II Plan or Parkland VI Plan, including the following:

  i. August 18, 2015 Order Setting Hearing On the Adequacy of the Disclosure Statement and Plan Confirmation (entered August 19, 2015), Walz Affidavit, ¶3(a), Dansby Affidavit, ¶3(a);

  ii. August 17, 2015 Sixth Modified Plan of Reorganization for Parkland II, Walz Affidavit, ¶3(b), Dansby Affidavit, ¶3(b);

  iii. August 17, 2015 Sixth Modified Plan of Reorganization for Parkland VI, Walz Affidavit, ¶3(c), Dansby Affidavit, ¶3(c);

  iv. August 17, 2015 Sixth Amended Disclosure Statement for Parkland II, Walz Affidavit, ¶3(d), Dansby Affidavit, ¶3(d);

  v. August 17, 2015 Sixth Amended Disclosure Statement for Parkland VI; , Walz Affidavit, ¶3(e), Dansby Affidavit, ¶3(e); and

  vi. April 21, 2015 Motion for Entry of an Agreed Judgment Order filed by Parkland Properties, LLC in the Adversary Proceeding (15-00238), Walz Affidavit, ¶3(f), Dansby Affidavit, ¶3(f).

12. Additionally, the one address included on any certificate of service filed by the Debtors (P.O. Box 15168, Wilmington, Delaware, 19850) for BOA, is not used by BOA for any purpose, and therefore not a valid address for service. Dansby Affidavit, ¶5.

13. Accordingly, as no party, including the Debtors, has produced any evidence that Ditech was served with the relevant pleadings, and Ditech has now provided evidence supporting

the assertion that it has not, this Court should hold that Ditech is not bound by the Parkland VI Plan.

14. In regard to BOA, counsel for the Debtors indicated that he had served BOA at the above referenced Wilmington P.O. Box. However, that address is not a proper address for BOA. *Id.* As BOA has now provided evidence supporting the assertion that it was not served with the relevant pleadings, and that the address Debtors' counsel indicated he used is not used by BOA, this Court should hold that BOA is also not bound by the Parkland II Plan.

    B. **This Court Should Rule on the 9024 Motion, Instead of Deferring to the State Court.**

15. At the March 29th hearing, this Court suggested that the State Court could determine the issue of whether or not there was proper service on Ditech and BOA, as well as the lien priority issue. However, given the recent filing in the State Court by Bridgeview, it's clear that Bridgeview intends to try and have the State Court make more than just a factual determination of whether there was proper service on BOA and Ditech. Instead, Bridgeview intends to argue issues of bankruptcy law and procedure. On July 12, 2016, Bridgeview filed its Supplemental Motion for Summary Judgment in the Potomac Case (the "Potomac Supplemental Motion"). Attached hereto as <u>Exhibit D</u> and incorporated herein by reference, is a copy of the Potomac Supplemental Motion (without exhibits).[2]

16. The Potomac Supplemental Motion is jointly filed by Bridgeview's state court counsel (Greiman, Rome & Griesmeyer, LLC) and Bridgeview's bankruptcy court counsel (Bauch & Michaels, LLC). And, Bridgeview acknowledges in the Potomac Supplemental

---

[2] The Potomac Supplemental Motion only addresses Ditech, as only the Potomac Property is at issue in that case. However, it's a fair assumption that Bridgeview will make the same arguments in the Artesian matter, which involved BOA.

4

Motion that Bauch & Michaels will argue "all bankruptcy related issues" at the hearing on its motion for summary judgment, *Page 1, Footnote 1*, Potomac Supplemental Motion.

17.    There are essentially two issues that Bridgeview raises in the Potomac Supplemental Motion which should more properly be heard by this Court – whether general notice of the bankruptcies was sufficient to bind Ditech and BOA, and whether service on Ditech's and BOA's State Court counsel was sufficient. Bridgeview asserts that general notice of the bankruptcies, provided to Ditech's State Court counsel, is sufficient. Potomac Supplemental Motion, Pg. 13. Whether or not such notice is sufficient, however, is a question of bankruptcy law and procedure that should be decided by this Court, not the State Court.

18.    It's possible that the State Court may not understand the minutia of bankruptcy law, the Bankruptcy Code or the Bankruptcy Rules, and therefore may not be equipped to consider arguments from the parties on such matters. For example, Bridgeview cites to *Chanute Prod. Credit Ass'n v. Schicke*, 290 B.R. 792 (B.A.P. 10th Cir. 2003) for the proposition that providing notice of the bankruptcy cases (in general) to Ditech's state court counsel was sufficient to bind Ditech to the confirmed plan.

19.    *Chanute Prod.*, however, dealt with a creditor seeking to reopen a chapter 7 case so that it could file a non-dischargeability action. The creditor relied on Section 523(a)(3)(B) in support of its request. However, section 523(a)(3)(B) explicitly says that a creditor cannot take advantage of such provision if it "had notice or actual knowledge of the case in time for such timely filing and request". That is not the case here. Ditech and BOA have argued that they should not be bound by the plans because they did not receive notice of the order setting a plan confirmation hearing, the plans themselves or the corresponding disclosure statements. The

5

State Court may not fully appreciate these somewhat nuanced details, and thus may not be able to properly determine the issues.

20. This Court should also decide the matter of whether notice was proper for reasons of judicial economy. There are two different State Court proceedings, being heard by two different State Court judges. Bridgeview has already begun briefing the notice issue in the Potomac matter and will likely be seeking to brief the issue in the Artesian matter as well. Having two different State Court judges rule on the same issue, with potentially differing decisions, is much less efficient than this Court ruling on the issue and could lead to conflicting rulings.

21. Given the fact that BOA and Ditech have now provided this Court with evidence that they were not properly served, and that Bridgeview has expressed a clear desire to argue matters of bankruptcy law and procedure in the State Court, this Court should set a briefing schedule on the Motion and enter an order staying the State Court proceedings until such time as the issue of notice has been resolved. If and when the notice issue is resolved, the State Court can adjudicate the lien priority issue.

Dated: July 22, 2016

                                         BANK OF AMERICA, N.A.
                                         DITECH FINANCIAL, LLC

                                         By: /s/  Bryan E. Minier
                                         Bryan E. Minier (ARDC# 6275534)
                                         Lathrop & Gage, LLP
                                         155 North Upper Wacker Drive, Suite 3000
                                         Chicago, Illinois 60606
                                         Telephone: (312) 920-3328
                                         Fax: (312) 920-3301
                                         bminier@lathropgage.com

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, does hereby certify that on July 22, 2016, he caused true and correct copies of the above and foregoing **Bank of America, N.A. and Ditech Financial, LLC, f/k/a Green Tree Servicing, LLC's Supplemental Reply in Support of Motion to Authorize Relief from Judgment Pursuant to Bankruptcy Rule 9024**, to be served on those persons listed on the attached service list, via the Court's CM/ECF service.

      /s/ Bryan E. Minier

Bryan E. Minier (ARDC# 6275534)
Lathrop & Gage, LLP
155 North Upper Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 920-3328
Fax: (312) 920-3301
bminier@lathropgage.com

7

## SERVICE LIST

Devon J Eggert
Freeborn & Peters LLP
311 S. Wacker Dr., Ste. 3000
Chicago, IL 60606
deggert@freeborn.com

Scott N. Schreiber
Timothy R Herman
Pamela J. Leichtling
Clark Hill PLC
150 N. Michigan Avenue, Suite 2700
Chicago, IL 60601
sschreiber@clarkhill.com
therman@clarkhill.com
pleichtling@clarkhill.com

Douglas J. Lipke
Whitney Fogelberg
Vedder Price P.C.
222 North LaSalle Street
Chicago, IL 60601
dlipke@vedderprice.com
wfogelberg@vedderprice.com

Elizabeth L Janczak
Freeborn & Peters LLP
311 S. Wacker Drive
Suite 3000
Chicago, IL 60606
ejanczak@freeborn.com

Joshua D. Greene
Springer Brown, LLC
400 South County Farm Rd.
Suite 330
Wheaton, IL 60187
jgreene@springerbrown.com

Michael V Ohlman
Michael V. Ohlman, P.C.
308 West Erie, Suite 300
Chicago, IL 60606
mvohlman@ohlmanlaw.com

Paul M Bauch
Kenneth A. Michaels, Jr.
Carolina Y. Sales
Bauch & Michaels LLC
53 West Jackson Boulevard
Suite 1115
Chicago, IL 60604
pbauch@bauch-michaels.com
kmichaels@bauch-michaels.com
csales@bauch-michaels.com

Miriam R. Stein
Joseph Santeler
Chuhak & Tecson, P.C.
30 S. Wacker Dr., Suite 2600
Chicago, IL 60606
jsanteler@chuhak.com
mstein@chuhak.com

Martin D. Tasch
Momkus McCluskey, LLC
1001 Warrenville Road
Suite 500
Lisle, IL 60532
mtasch@momlaw.com